UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONIFACIO FLORENTINO,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　-v.-<br><br>ALPHONSO'S PIZZERIA, INC., *doing business as Alphonso's Pizzeria & Trattoria* and ALY LNU, *doing business as Alphonso's Pizzeria & Trattoria*,<br><br>　　　　　　　　　　Defendants. | 23 Civ. 2537 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

　　Plaintiff filed the Complaint in this action on January 6, 2023, in the United States District Court for the Eastern District of New York.  (Dkt. #1).  Given the complaint's express representation that venue was proper here in the Southern District of New York, Judge Amon issued an order to show cause for why the case should not be transferred here on January 10, 2023.  (January 10, 2023 Minute Entry).  On February 17, 2023, following Plaintiff's failure to respond to Judge Amon's order, Judge Amon ordered the transfer of the action to this District.  (February 17, 2023 Minute Entry).  The case was assigned to this Court on March 25, 2023.  (March 25, 2023 Minute Entry).

　　On April 10, 2023, Plaintiff requested an extension of time to serve Defendants, which request the Court granted that same day.  (Dkt. #6-7). Plaintiff filed affidavits of service on May 15, 2023, and Defendants failed to appear or file an answer.  (*See* Dkt. #9).  Between May 15, 2023, and July 31, 2023, the Court emailed Plaintiff's counsel on three separate occasions to see

how he wished to proceed but received no response. Accordingly, on August 9, 2023, the Court issued an order directing Plaintiff to move for default judgment on or before August 15, 2023, or to file a status letter with the Court if the parties were engaged in settlement discussions. (Dkt. #9). The Court warned that if Plaintiff failed to do, it would issue an order to show cause for failure to prosecute the action. (*Id.*)

On August 15, 2023, Plaintiff's counsel filed a letter indicating that he had been unable to get in touch with Plaintiff despite numerous attempts to do so, and requesting an extension until September 18, 2023, to file a status report in the hopes of getting in contact. (Dkt. #10). The Court endorsed that letter that same day, reminding Plaintiff that the next step, should he choose not to file the letter or move for default, was to issue an order to show cause for failure to prosecute. (Dkt. #11).

Despite moving for and obtaining a Clerk's Certificate of Default as to Defendants on August 29, 2023, and August 30, 2023, respectively, Plaintiff failed to file a status letter or move for default judgment by the deadline set forth in the Court's August 15, 2023 endorsement. (*See* Dkt. #11-18). The Court understood from Plaintiff's counsel that he has been unable to get in contact with Plaintiff since his August 15, 2023 letter.

As such, the Court issued an Order to Show Cause on September 28, 2023, directing Plaintiff to show cause, in writing, why his cases should not be dismissed for failure to prosecute and comply with Court orders by October 20, 2023. (Dkt. #19). Plaintiff has not complied with that directive.

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute *sua sponte*. *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake* v. *Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann* v. *Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Nonetheless, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court considering should weigh five factors:

3

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this action. Plaintiff has consistently failed to comply with Court orders or prosecute this case over a period of many months. This pattern of non-compliance has persisted despite the Court's attempts to work with Plaintiff and its explicit notice to him that his failure to prosecute and comply with Court orders would result in dismissal. (Dkt. #19).

Accordingly, the Court DISMISSES this action with prejudice for failure to prosecute and for failure to comply with Court orders. *See Murphy* v. *Spaulding*, No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at *1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a second amended complaint or respond to the Court's show cause order); *Djokovic* v. *U.S. Justice Dep't*, No. 07 Civ. 2608 (SJ), 2008 WL 3200191, at *1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit

4

such a letter); *Lopez* v. *Catholic Charities of the Archdiocese of N.Y.*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

    The Clerk of Court is directed to: (i) mail a copy of this Order to Plaintiff at his address of record; and (ii) terminate all pending motions, adjourn all remaining dates, and close this case.

    SO ORDERED.

Dated:  October 23, 2023
          New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge